IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| _____<br>MUSIC MAKERS HOLDINGS LLC      )<br>7200 Wisconsin Avenue, Suite 601     )<br>Bethesda, MD 20814               )<br>Montgomery County              )<br>                               )<br>          Plaintiff,        )<br>                               )<br>vs.                      )<br>                               )<br>                               )<br>MARIA SARRO               )<br>102-02 Ascan Avenue         )<br>Forest Hills, NY 11375       )<br>                               )<br>          Defendant.      )<br>_____) | Case No. 8:09-cv-01836<br><br><br>COMPLAINT AND JURY<br>DEMAND |

<u>COMPLAINT</u>

Plaintiff, Music Makers Holdings LLC ("Plaintiff," or "Music Makers"), brings this complaint in the United States District Court of Maryland against Maria Sarro ("Defendant," or "Ms. Sarro"), alleging as follows:

<u>NATURE OF THE CASE</u>

1.      Music Makers and Ms. Sarro have been engaged in a contentious trademark dispute for the past year.  Music Makers owns and operates a number of music schools throughout Maryland, Washington, D.C. and Virginia called BACH TO ROCK.  Plaintiff's BACH TO ROCK music schools provide musical education and instruction to students of all ages in Maryland, Virginia and the District of Columbia.  Several times a year, Music Makers organizes

a "Battle of the Bands" with students performing contested exhibitions at the 9:30 Club in downtown Washington D.C.

2.      Music Makers owns numerous common law trademarks for use in connection with its services, including the word mark BACH TO ROCK (the "Trademark"), the corresponding acronym mark, B2R, and several design and composite design marks.  These marks are the subject of a registration and pending applications for registration on the Principal Register of the U.S. Patent and Trademark Office ("PTO").  Music Makers' common law rights in the Trademark derive in part from certain rights acquired in early 2009 from Bach To Rock, Inc., a New Jersey company that used the name and trademark BACH TO ROCK in connection with musical education and instruction services and the sale of musical instruments from at least as early as 1990 ("BTR-NJ").

3.      Maria Sarro is an individual who, since 2004, has operated a two week summer music day camp for children in Queens and Garden City, New York under the fictitious name "Bach to Rock."  When Ms. Sarro learned that the PTO had published Plaintiff's application to register BACH TO ROCK B2R AMERICA'S MUSIC SCHOOL for registration, she put Plaintiff on notice that such registration was in violation of her interstate commerce rights to the phrase "Bach To Rock," and she demanded either that the Plaintiff cease use and dismiss the application, or pay an exorbitant rights fee.  After Music Makers refused to do either of those things, Ms. Sarro filed a trademark opposition and continues in her position that Plaintiff's trademark rights are inferior to hers and must cease.

4.      Defendant's challenge to Plaintiff's use of the Trademark and its opposition to Plaintiff's Application Serial No. 77/055,523 for registration of a composite design mark incorporating the

2

Trademark continues and unfairly threatens Music Makers' ongoing provision of services under its marks.

5.      Further, in the course of Music Makers' acquisition of all trademark rights from BTR-NJ, it learned that BTR-NJ did business throughout a six-state region (New Jersey, New York, Connecticut, Massachusetts, Maryland and Delaware) as well as Washington, D.C., under the BACH TO ROCK mark, long prior to Defendant.  BTR-NJ was unaware of Defendant's use of the same mark, and therefore was not in a position to register its objection to Defendant's infringing use.  However, as a result of Music Makers' acquisition of rights from BTR-NJ, it has put Defendant on notice to cease and desist from any trademark infringement, which she has refused to do.  Defendant's use of the Trademark continues in defiance of Plaintiff's superior rights and constitutes willful infringement of Plaintiff's trademark rights.

6.      Defendant's use of the Trademark is likely to confuse, mislead, or deceive consumers as to the origin or source of Music Makers' goods and services.  As a result, Music Makers has been irreparably harmed and will continue to be damaged by Defendant's use of the Trademark in connection with goods and services that are similar to those offered by Music Makers under the Trademark.

7.      As set forth below, Defendant's actions constitute unfair competition and false designation of origin and false description in violation of the federal Lanham Act, as well as trademark infringement, unfair competition, unfair trade practices and unjust enrichment under the common law of the State of Maryland

3

8.      By this action, Music Makers seeks fair redress for Defendant's misuse and infringement
of its Trademark, including damages and injunctive relief, as allowable under the State of
Maryland and federal laws.

PARTIES

9.      Music Makers is a Maryland limited liability company with a principal place of business
at 7200 Wisconsin Avenue, Suite 601, Bethesda, Maryland 20814.

10.     On information and belief, Defendant Maria Sarro is an individual residing at 102-02
Ascan Avenue, Forest Hills, New York 11375.

11.     On information and belief, Defendant owns and operates a summer music day camp in
Garden City, New York under the fictitious name "Bach to Rock."

12.     On information and belief, Defendant owns and/or operates the website
www.bachtorock.com which advertises, promotes and provides information regarding
Defendant's "Bach to Rock" music day camp.

JURISDICTION AND VENUE

13.     This Court has personal jurisdiction over Defendant because her attempt to prevent
Plaintiff's use of the trademark BACH TO ROCK in the State of Maryland and metropolitan
area surrounding Washington, D.C., and her claim that Plaintiff's use of the Trademark damages
her rights presumes Defendant transacts business in the State of Maryland.  In addition, this
Court has personal jurisdiction over Defendant because her attempt to stop Plaintiff from using
the trademark BACH TO ROCK in the State of Maryland and her attempt to prevent Plaintiff
from obtaining federal registration of the trademark BACH TO ROCK B2R AMERICA'S
MUSIC SCHOOL causes tortious injury to Plaintiff in the State of Maryland.

4

14.     This case arises under the Lanham Act, 15 U.S.C. §1125(a), as well as the laws of the State of Maryland governing common law trademark rights and unfair competition occurring in the State of Maryland and under Md. Code Com. Law, §13-301 *et. seq.* (2009).

15.     This court has subject matter jurisdiction to hear Plaintiff's trademark infringement and unfair competition claims under 15 U.S.C. §1125(a); 28 U.S.C. §§1331, 1338; and 28 U.S.C. §1332 as there exists diversity of citizenship between the parties hereto and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

16.     Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

<u>FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS</u>

A.     <u>Plaintiff's BACH TO ROCK Music School</u>

17.     In July 2007, Plaintiff started its BACH TO ROCK music school in Bethesda, Maryland. Since then, Plaintiff opened four additional music school locations in the Washington D.C. metropolitan area and has been advertising and promoting its services throughout Maryland, Washington, D.C. and Virginia and attracting students from Maryland, Washington, D.C., and Virginia.

18.     Plaintiff's BACH TO ROCK music school offers students of all ages a unique curriculum which provides individual music lessons as well as band instruction ("jam sessions"), recording sessions in Plaintiff's B2R Studios (professional sound studios), and the opportunity to participate in "Battles of the Bands" at the famous 9:30 Club in Washington, D.C.

19.     Plaintiff's advertising directly solicits students from Maryland and many of its pupils are residents of Maryland.

20.    Plaintiff's BACH TO ROCK music school is renowned for its innovative method of music instruction, which is based on the belief that students learn best by playing music they enjoy.  Consistent with that methodology, Plaintiff's students learn to play all types of music, from classical to rock.

21.    Plaintiff owns and operates the domain name www.b2rmusic.com, which promotes and provides information about its BACH TO ROCK music school.

B.    Plaintiff's BACH TO ROCK and B2R Trademarks

22.    Plaintiff owns numerous trademarks in connection with its music school, including, but not limited to, the Trademark, the B2R acronym mark, (B2R& design), and

(B2R BACH TO ROCK AMERICA'S MUSIC SCHOOL & design) (collectively, the "Trademarks").

1.    Plaintiff Owns Priority Rights in the BACH TO ROCK Mark

23.    Plaintiff owns common law trademark rights in the word mark BACH TO ROCK, with a first use date of at least as early as 1990.

24.    On or about January 27, 2009, Plaintiff acquired all common law rights, title and interest to the trademark BACH TO ROCK from BTR-NJ's Trustee in Bankruptcy, as the company initiated bankruptcy protection in 2006.  BTR-NJ continued its business operations while bankruptcy was pending.

25.    On information and belief, BTR-NJ commenced use of the BACH TO ROCK trademark in 1990 in connection with the sale of musical instruments and the provision of educational

services.  On information and belief, BTR-NJ owned and operated BACH TO ROCK musical education programs, with locations in New York, New Jersey and Connecticut, providing musical training services and the sale of musical instruments to the public under the BACH TO ROCK mark.

26.     On information and belief, BTR-NJ used the BACH TO ROCK mark continuously from 1990 to 2008 in intrastate and interstate commerce in connection with the advertising and retail sale of musical instruments and the advertising and provision of musical education services.

27.     On information and belief, between 1990 and 2008, BTR-NJ used the BACH TO ROCK mark in extensive print and radio advertising and promotional campaigns in at least six states, including New York, New Jersey, Connecticut, Massachusetts, Maryland and Pennsylvania, and the District of Columbia.  On information and belief, BTR-NJ routinely placed BACH TO ROCK advertising in national and regional media, including the New York Times and The Newark Star Ledger, as well as on ABC and CBS Radio.

28.     On or about June 1, 2008, several weeks before BTR-NJ commenced a liquidation of assets for the benefit of creditors, Plaintiff entered into negotiations with BTR-NJ and its Trustee in Bankruptcy to acquire the BACH TO ROCK trademark and all rights and goodwill associated therewith.  Plaintiff successfully concluded such transaction on January 27, 2009.

29.     As a result, Plaintiff currently owns common law priority rights in the trademark BACH TO ROCK, dating to at least as early as 1990, for use in connection with musical education and instruction services and the sale of musical instruments.  Plaintiff's rights pre-date Defendant's use of the Trademark, which allegedly commenced in January 2004.

       2.    <u>Plaintiff's Federal Trademark Applications and Registration</u>

30.     Plaintiff has applied to the PTO for federal registration of all of the Trademarks.

31.     On June 12, 2009, Plaintiff filed with the PTO Application Serial No. 77/758,590 to register the mark BACH TO ROCK for use in connection with "education and entertainment services, namely, providing training and instruction in the fields of pop and rock music and performance arts; operating schools in the fields of pop and rock music and performance arts; providing physical facilities for the rehearsal and recording of performances in pop and rock music; providing instructor training services in the fields of pop and rock music and performance arts; organizing and conducting concerts and competitions in the fields of pop and rock music and performance arts; providing recognition and incentives to individuals who demonstrate excellence in the fields of pop and rock music and performance arts; providing web sites in the fields of pop and rock music and performance arts."  A first use and first use in commerce date of May 24, 1990 is claimed in Application Serial No. No. 77/758,590, which remains pending with the PTO.

32.     On June 18, 2009, Plaintiff filed with the PTO Application Serial No. 77/763,307 to register the mark BACH TO ROCK for use in connection with "clothing, namely t-shirts, sweatshirts and baseball caps."  A first use and first use in commerce date of November 30, 2007 is claimed in Application Serial No. 77/763,307, which remains pending with the PTO.

33.     On June 18, 2009, Plaintiff filed with the PTO Application Serial No. 77/763,291 to register the mark BACH TO ROCK for use in connection with "pre-recorded digital media, namely, CDs, DVDs, and downloadable audio and video recordings featuring music and musical performances; computer storage devices, namely, flash drives."  A first use and first use in

commerce date of November 30, 2007 is claimed in Application Serial No. 77/763,291, which remains pending with the PTO.

34.    On December 1, 2006, Plaintiff filed with the PTO Application Serial No. 77/976,410 to register the mark  (B2R & design) for use in connection with  "education and entertainment services, namely, providing training and instruction in the fields of pop and rock music and performance arts; operating schools in the fields of pop and rock music and performance arts; providing physical facilities for the rehearsal and recording of performances in pop and rock music; providing instructor training services in the fields of pop and rock music and performance arts; organizing and conducting concerts and competitions in the fields of pop and rock music and performance arts; providing recognition and incentives to individuals who demonstrate excellence in the fields of pop and rock music and performance arts; providing web sites in the fields of pop and rock music and performance arts."  On March 3, 2009, Application Serial No. 77/976,410 matured into Registration No. 3,584,462.

35.    On December 1, 2006, Plaintiff filed with the PTO Application Serial No. 77/055,493 to register the mark  (B2R & design) for use in connection with "entertainment in the nature of ongoing television, cable television, and radio programs in the fields of pop and rock music and performance arts; production and distribution of audio and audio-visual radio programs and television shows for broadcast television, broadcast radio, cable networks, satellite networks, and global computer networks."  Application Serial No. 77/055,493 is currently pending with the PTO.

36.     On December 1, 2006, Plaintiff filed with the PTO Application Serial No. 77/055,523 to



register the mark            (B2R BACH TO ROCK AMERICA'S MUSIC SCHOOL &

design) for use in connection with "education and entertainment services, namely, providing

training and instruction in the fields of pop and rock music and performance arts; operating

schools in the fields of pop and rock music and performance arts; providing physical facilities for

the rehearsal and recording of performances in pop and rock music; providing instructor training

services in the fields of pop and rock music and performance arts; organizing and conducting

concerts and competitions in the fields of pop and rock music and performance arts; providing

recognition and incentives to individuals who demonstrate excellence in the fields of pop and

rock music and performance arts; entertainment in the nature of ongoing television, cable

television, and radio programs in the fields of pop and rock music and performance arts;

production and distribution of audio and audio-visual radio programs and television shows for

broadcast television, broadcast radio, cable networks, satellite networks, and global computer

networks; providing web sites in the fields of pop and rock music and performance arts."

Application Serial No. 77/055,523 is currently pending with the PTO.

37.     Plaintiff's Trademarks are distinctive marks that are entitled to the highest level of

protection afforded by law.

38.     Plaintiff's Trademarks have acquired consumer goodwill and have come to be identified

with Plaintiff as the source of its goods and services.

39.    Plaintiff's Trademarks have achieved consumer recognition as a result of extensive advertising, promotion and use in connection with a variety of goods and services.

C.    Defendant's Interference with Plaintiff's BACH TO ROCK Trademark

40.    On information and belief, Defendant owns and operates a summer day camp in Garden City, NY called "Bach to Rock."  Defendant's services are similar to Plaintiff's BACH TO ROCK music schools.  Defendant's school provides children ages 10-16 with both individual music instruction and band lessons and at the end of the program the students participate in a live "rock band performance" at Mulcahy's Music Hall in Long Island, New York.

41.    On information and belief, Defendant owns and operates a website at the domain name www.bachtorock.com, which website uses the wording BACH TO ROCK in the course of promoting and providing information about Defendant's music camp.

42.    On information and belief, on January 15, 2008, Defendant filed with the PTO Application Serial No. 77/372,672 to register the mark BACH TO ROCK for use in connection with "educational services, namely musical instruction and training of music, songwriting, live performances and music business; music camps for the instruction and training of music, songwriting, live performances and music business; entertainment services, namely providing music concerts; conducting live musical performances; production of music and music video recordings; entertainment services namely providing a website featuring information, audio and video presentations featuring musical performances," as well as "audio and video recordings featuring music and music related entertainment" and "t-shirts."  A first use and first use in commerce date of January 15, 2004 is claimed in the application.

11

43.    On or about March 25, 2008, Defendant filed Notice of Opposition No. 91183227 with

the United State Patent and Trademark Office's Trial and Appeal Board, opposing Plaintiff's



Application Serial No., for the mark                , based on allegations of priority and a

likelihood of confusion with Defendant's Application Serial No. 77/372,672 to register the mark

BACH TO ROCK.

44.    Despite having been put on notice that Plaintiff owns priority rights in the common law

trademark BACH TO ROCK based on a first use date of at least as early as 1990, well before

Defendant began using the Trademark in connection with her music school, Defendant maintains

Opposition No. 91183227 to Plaintiff's trademark application.  Defendant's actions are harming

Plaintiff by preventing Plaintiff from obtaining federal registration of the mark shown in

Application Serial No. 77/055,523.

D.    Defendant's Use of the BACH TO ROCK Trademark Infringes Plaintiff's Rights

45.    Defendant's trademark BACH TO ROCK is identical to Plaintiff's BACH TO ROCK

trademark.

46.    The goods and services Defendant provides under the wording BACH TO ROCK and

those listed in her application to register BACH TO ROCK with the PTO are identical and/or

highly similar to the goods and services offered by Plaintiff under its Trademarks and those

listed in Plaintiff's federal trademark applications and registration.

47.    Plaintiff has never authorized or consented in any way to Defendant's use of the

Trademark.

48.     Furthermore, on information and belief, BTR-NJ never authorized or consented in any way to Defendant's use of the Trademark.

49.     On information and belief, until contacted by Plaintiff, BTR-NJ was not aware of Defendant's summer day camp or her use of the wording BACH TO ROCK.

50.     Defendants are not now, nor have they ever been, associated, affiliated or connected with, or endorsed or sanctioned by Plaintiff or BTR-NJ.

51.     Plaintiff is actively working to expand its business across the United States, and currently expects to launch a music school in New York, New York within the next two years.  In preparation for such expansion and entry into New York, Plaintiff is currently engaged in market research and capital fundraising.

52.     Plaintiff and Defendant currently market their respective services in overlapping channels of trade.  In addition, on information and belief, relevant consumers are likely to travel from Defendant's geographic market into Plaintiff's geographic markets, and vice versa, such that customers who have become familiar with the services offered under one party's mark are likely to encounter the services offered under the other party's mark, and vice versa.

53.     Defendant's use of the wording BACH TO ROCK in the manner of a trademark is likely to cause consumers to believe erroneously that the goods and services offered by Defendant emanate from, originate from, or are in some way authorized, sponsored, or approved by Plaintiff, or alternatively, that the goods and services offered by Plaintiff emanate from, originate from, or in some way authorized, sponsored, or approved by Defendant.

54.     On or about May 11, 2009, Plaintiff sent a formal demand letter to Defendant demanding that Defendant immediately cease and desist all uses of the phrase BACH TO ROCK.

13

55.    Fully aware of Plaintiff's priority rights in the Trademark, Defendant has continued to advertise and promote her summer day camp under the name BACH TO ROCK in violation of Plaintiff's rights.

56.    Defendant's infringement constitutes a willful and malicious violation of Plaintiff's trademark rights.

### COUNT I
### COMMON LAW TRADEMARK INFRINGEMENT

57.    Plaintiff realleges and incorporates herein the allegations in Paragraphs 1-56, inclusive.

58.    As described above, Music Makers owns all rights, title and interest in and to the Trademark and Music Makers' common law rights in the Trademark pre-date Defendant's first use of the name BACH TO ROCK in connection with her summer music camp.

59.    As described above, the Trademark is distinctive and Plaintiff has built up valuable good will in the Trademark.

60.    Defendant's use of the Trademark infringes Plaintiff's ownership of the mark and has and will continue to cause confusion, mistake, or deception among consumers as to the source and origin of Defendant's products and services.

61.    Defendant's use of the Trademark has and will continue to deceive the public by passing off Defendant's products and services as being manufactured, sponsored, or otherwise approved by or connected with Plaintiff.

62.    As a direct and proximate result of Defendant's infringement of Plaintiff's common law trademark rights under the State of Maryland and other common law, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

14

63.    Plaintiff has no adequate remedy at law.

64.    By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark

infringement and Plaintiff is therefore entitled to preliminary and permanent injunctive relief and

monetary damages.

65.    Plaintiff is entitled to exemplary and punitive damages by reason of Defendant's willful,

reckless, deliberate and intentional conduct.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND FALSE OR MISLEADING DESCRIPTION**
**OF FACTS UNDER 15 U.S.C §1125(a)**

66.    Plaintiff realleges and incorporates herein the allegations in Paragraphs 1-65 inclusive.

67.    As described above, Music Makers owns all rights, title and interest in and to the

Trademark.

68.    As described above, Defendant has used the Trademark, without authorization by

Plaintiff, as the name of her summer music camp and in advertising and promotion for musical

instruction services rendered at and through such music camp, thereby conveying to consumers

that Plaintiff has in some way approved or sponsored Defendant's goods and services, when it

has not; that Defendant has in some way approved or sponsored Plaintiff's goods and services,

when she has not; and that the parties' respective goods and services otherwise share a common

source or origin, which they do not.

69.    By the actions alleged in this Complaint, Defendant has, in commerce, falsely designated

the origin of her musical instruction services and of Plaintiff's musical instruction services, in

violation of 15 U.S.C.§ 1125(a).

70.    By the actions alleged in this Complaint, Defendant has, in commerce, engaged in false and misleading descriptions and representations of fact, in violation of 15 U.S.C. §1125(a).

71.    Defendant's false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact have caused or are likely to cause confusion, to cause mistake, or to deceive as to the existence of an affiliation, connection, or association between Plaintiff and Defendant, as to the origin, sponsorship or approval of Defendant's products and services, or as to the origin, sponsorship or approval of Plaintiff's products, and therefore constitute unfair competition in violation of 15 U.S.C. §1125(a).

72.    Defendant's false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact in commercial advertising and promotion have misrepresented and continue to misrepresent the nature, characteristics, and qualities of both Plaintiff's and Defendant's goods and services, and therefore constitute unfair competition in violation of 15 U.S.C. §1125(a).

73.    Plaintiff has been and is likely to be damaged as a result of Defendant's false designation of origin, false or misleading description of fact, and false or misleading representation of fact as consumers impute to Plaintiff their experience with Defendant's services and as consumers seeking access to Plaintiff's services instead are misdirected to Defendant.

74.    Plaintiff has no adequate remedy at law.

75.    Defendant has used the Trademark with full knowledge of the falsity and misleading nature of such designations of origin, descriptions, and representations, all to the detriment of Plaintiff.  Music Makers is therefore entitled to exemplary and punitive damages by reason of Defendant's willful, reckless, deliberate and intentional conduct under 15 U.S.C. § 1117.

76.     Defendant's false or misleading descriptions of fact, false or misleading representations of fact, and false designations of origin are continued in spite of Defendant's notice and knowledge of Music Makers' exclusive common law rights to the Trademark.  Music Makers is therefore entitled to exemplary and punitive damages by reason of Defendant's willful, reckless, deliberate and intentional conduct under 15 U.S.C. § 1117.

### COUNT III
### UNFAIR TRADE PRACTICES UNDER MD. CODE COM. LAW § 13-101 *et seq.*

77.     Plaintiff realleges and incorporates herein the allegations in Paragraphs 1-76 inclusive.

78.     As described above, Defendant has engaged in unfair trade practices by representing to consumers that her goods and services have a source, sponsorship and/or approval that they do not have and that Music Makers has sponsored, approved and/or is affiliated with her services when it has and/or is not.

79.     Defendant has engaged in false and misleading representations and omissions of material fact to consumers and has engaged in deceptive conduct.

80.     Defendant has misrepresented material facts which have a tendency to mislead prospective consumers of Plaintiff's and Defendant's goods and services into believing that Plaintiff's goods and services and Defendant's goods and services are sponsored by, approved by, or connected in some way to a common source.

81.     Defendant has disparaged the goods and services and business of Plaintiff through false and misleading representations of material facts.

82.     By reasons of Defendant's knowingly false and misleading representations of fact and conduct, Defendant has violated Maryland's Consumer Protection Procedures Act §13-303.

17

83.    As a direct result of said misleading and deceptive conduct, Plaintiff, as well as consumers, has sustained and is likely to continue to sustain damages.

84.    Plaintiff has no adequate remedy at law.

85.    Pursuant to Maryland's Consumer Protection Procedures Act §13-408, Plaintiff is entitled to enjoin Defendant's unlawful conduct as well as obtain treble damages, punitive damages, and attorney's fees.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

86.    Plaintiff realleges and incorporates herein the allegations in Paragraphs 1-85, inclusive.

87.    Defendant's use of the Trademark in connection with her music camp and related goods and services is likely to cause confusion among the public as to whether Music Makers has authorized or endorsed Defendant's services, or vice versa.

88.    Defendant's use of the Trademark is in bad faith as Defendant has refused Music Makers' request to cease use of the Trademark, even after having been provided with evidence of Plaintiff's prior rights therein.

89.    Defendant's unauthorized use of the Trademark constitutes unfair competition under the common law of the State of Maryland.

90.    As a direct result of said deceptive conduct, Music Makers has sustained and is likely to continue to sustain damages.

91.    Plaintiff is irreparably harmed by Defendant's actions.

92.    Plaintiff has no adequate remedy at law.

93.    Plaintiff is therefore entitled to preliminary and permanent injunctive relief and monetary damages.

94.     Plaintiff is entitled to exemplary and punitive damages by reason of Defendant's willful, reckless, deliberate and intentional conduct.

**COUNT V**
**UNJUST ENRICHMENT**

95.     Plaintiff realleges and incorporates herein the allegations in Paragraphs 1-94, inclusive.

96.     Defendant has been enriched by the use of the Trademark in connection with Defendant's goods and services.  Defendant's enrichment has unjustly impoverished Plaintiff.  As a consequence of Defendant's unauthorized actions, Plaintiff has been deprived of its right to financial compensation for use of the Trademark and has suffered loss of potential business.  The circumstances are such that equity and good conscience require Defendant to make restitution in an amount to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

        A.      Preliminarily and permanently enjoining and restraining Defendant and the officers, directors, shareholders, agents, employees, and attorneys and all those acting in concert with her, from using Plaintiff's BACH TO ROCK trademark, the corresponding acronym, B2R, or any colorable imitation thereof.

        B.      Ordering that Defendant file with this Court and serve upon Plaintiff within 20 days after the service of such injunction, an affidavit, sworn to under penalty of perjury, setting forth in detail the manner and form in which Defendant has complied with such injunctions.

        C.      Ordering an accounting of all revenues received by Defendant as a result of her unlawful conduct.

D.      Awarding Plaintiff: 1) Defendant's profits realized as a result of the trademark infringement, false advertising, unfair competition, unjust enrichment, and/or each of Defendant's deceptive practices, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

E.      Awarding Plaintiff treble damages or profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a-b).

F.      Awarding Plaintiff punitive damages in an amount to be determined.

G.      Awarding Plaintiff prejudgment and post-judgment interest on any monetary award in this action.

H.      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated:  July 14, 2009

LUTZKER & LUTZKER LLP


By  /s/ Allison L. Rapp

ALLISON L. RAPP (USDC MD No. 28930)
Lutzker & Lutzker LLP
1233 20th Street, NW, Suite 703
Washington, DC 20036
Phone: (202) 408-7600
Fax:    (202) 408-7677

*Attorney for Plaintiff*

Of Counsel
Arnold P. Lutzker, Esq.
DC Bar No. 101816
Jeannette Maurer Carmadella
DC Bar No. 500586
Lutzker & Lutzker LLP
1233 20th Street, NW, Suite 703
Washington, DC 20036
Phone: (202) 408-7600
Fax:    (202) 408-7677